Scott Edward Cole, Esq. (S.B. #160744)
Andrew Daniel Weaver, Esq. (S.B. #318935)
**SCOTT COLE & ASSOCIATES, APC**
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone:   (510) 891-9800
Facsimile:    (510) 891-7030
Email:        scole@scalaw.com
Web:  www.scalaw.com

Daniel D. Bodell Esq. (S.B. #208889)
**BODELL LAW GROUP**
11455 El Camino Real, Suite 480
San Diego, CA  92130
Telephone:   (858) 461-4699
Facsimile:    (858) 461-4703

Attorneys for Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY AMADOR-STEWART, on behalf of herself and all other similarly situated, | CASE NO.:  '18 CV 1604 LAB MDD |
| | **CLASS/COLLECTIVE ACTION** |
| Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| vs. | |
| SNOOZE HIC LLC and DOES 1 through 100, inclusive, | ***DEMAND FOR JURY TRIAL*** |
| Defendant. | |

Representative Plaintiff alleges as follows:

## **INTRODUCTION**

1.      This is a class/collective action, brought on behalf of Trinity Amador-Stewart (hereinafter "Representative Plaintiff) and all other persons similarly situated ("Class Members") who are or were employed as exempt servers by defendant Snooze HIC LLC (hereinafter "Defendant" and/or "Snooze") in the United States and, with regard to particular claims herein, the State of California, within the applicable class periods.

2.      Representative Plaintiff, on behalf of herself and the Class Members

seeks unpaid wages, including unpaid compensation for interrupted and/or missed meal and/or rest periods and unpaid overtime, interest thereon, penalties, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, and/or 1197.1, California Code of Civil Procedure § 1021.5 and the Fair Labor Standards Act ("FLSA"), codified in 29 U.S.C. § 201, *et seq*.

3.     Representative Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Class" and/or, more specifically, the "FLSA Class" or the "California Class") who are, or have been, employed by the Defendant as servers within the applicable statutory periods.

4.     The "FLSA Class Period" is designated as the time from July 9, 2015 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since, at least, this date.

5.     During this class period, Snooze has had a consistent policy of permitting, encouraging, and/or requiring its servers to work overtime without paying them overtime compensation as required by the FLSA. The "California Class Period" is designated as the time from July 9, 2014 through the date of trial or settlement, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that period.

6.     During the Class Periods, Snooze has had a consistent policy of (1) permitting, encouraging and/or requiring its servers, including the Representative Plaintiff and members of both Classes, to work in excess of eight hours per day and/or in excess of forty hours per week without paying them overtime compensation as required by the FLSA and California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiff and the California Class Members statutorily-mandated meal and rest periods, (3) willfully failing to pay

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

1   the Representative Plaintiff and the Class Members for "reporting time" wages
2   when Defendant sent Representative Plaintiff and the Class Members home before
3   they worked at least one-half of their scheduled shift, (4) willfully failing to
4   provide the Representative Plaintiff and the California Class Members with
5   accurate semi-monthly itemized wage statements reflecting the total number of
6   hours each worked, the applicable deductions, and the applicable hourly rates in
7   effect during the pay period; and (5) unlawfully failing to pay all wages upon
8   termination.

9       7.   The Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201,
10  *et seq.*), provides for minimum standards for both wages and overtime entitlement,
11  and details administrative procedures by which covered work time must be
12  compensated.  The enactment of the provisions of the FLSA provide the Federal
13  Courts with substantial authority to stamp out abuses of child labor, equal pay,
14  portal-to-portal activities as well as the overtime pay violations detailed in this
15  Complaint.

16      8.   According to Congressional findings, the existence of labor conditions
17  detrimental to the maintenance of the minimum standard of living engenders unfair
18  commercial competition, labor disputes, barriers to commerce and the free flow of
19  goods in commerce, and interferes with the orderly and fair marketing of goods.

20      9.   California's Labor Code and Industrial Welfare Commission Wage
21  Orders provide even more expansive protection to hourly workers, including, but
22  not necessarily limited to, entitlements to overtime pay and work performed
23  beyond eight hours per day, and substantial remedies for the denial of rest and
24  meal periods.

25      10.  Both Federal and California studies have linked long work hours to
26  increased rates of accident and injury and a loss of family cohesion when either or
27  both parents are kept away from home for extended periods of time, on either a
28  daily or weekly basis.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION

11.     Defendant is a company that owns restaurants in California, Texas, Colorado and Arizona. In so doing, Defendant has hundreds, if not thousands, of individuals in recent years alone in employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

12.     Despite actual knowledge of these facts and legal mandates, Snooze has and continues to enjoy an unfair advantage over its competition and a resultant disadvantage to its workers by electing not to pay overtime, meal and/or rest period wages, and/or "penalty" (a.k.a. "waiting time") wages to its servers.

13.     Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Snooze knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

14.     Despite Snooze's knowledge of Class Members' entitlement to overtime pay and/or meal and/or rest periods for all applicable work periods, Snooze failed to provide same to the Class Members, in violation of the FLSA and/or California statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages and/or penalties under, *inter alia*, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (including 29 U.S.C §§ 206, 207, 216 and 217), the applicable California Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, California Labor Code §§ 201-204, 226.7, 510, 512, 558, 1194, 1198, and California Code of Civil Procedure § 1021.5.

16.     This Court also has jurisdiction over Representative Plaintiff's and the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION

California Class Members' (as defined below) claims for injunctive relief and restitution of ill-gotten benefits arising from Snooze's unfair and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

17.     Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391.  Defendant does business in the Southern District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within this judicial district. Snooze operates facilities and has employed Class Members in this judicial district as well as throughout the State of California and the United States.

## PLAINTIFF

18.     Representative Plaintiff Trinity Amador-Stewart is a natural person who was employed by Snooze as a server at one of its restaurants in San Diego, California.

19.     In said position, Representative Plaintiff was repeatedly paid a substandard wage insofar as she was denied full pay for all hours worked, including overtime pay. Moreover, Representative Plaintiff was frequently permitted to work, and did work during the California Class Period, shifts exceeding four hours or a major fraction thereof (of at least three and one-half hours) without being afforded net ten-minute rest periods and without being provided mandatory meal periods.   Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Snooze is/was commonplace at every location owned and operated thereby.

20.     As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Class" or "Plaintiff Classes" refer to the named plaintiff herein as well as each and every person eligible for membership in the Plaintiff Class(es), as further described and defined below.

21.     At all times herein relevant, the Representative Plaintiff was, and now

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION

is, persons within the Class or Classes of persons further described and defined herein.

## DEFENDANT

22.     Representative Plaintiff is informed and believes and, based thereon, alleges that at all relevant times herein, defendant Snooze was, and is, a Colorado corporation with its principal place of business in Colorado.

23.     Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has, and does, directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

## CLASS ACTION ALLEGATIONS

24.     Representative Plaintiff brings this action individually and as a class/collective action on behalf of all persons similarly situated and proximately damaged by Snooze's conduct, including, but not necessarily limited to, the following Plaintiff Classes:

> **FLSA Class:**
> All persons who were employed as servers by Defendant in one or more of its restaurant locations in the United States at any time on or after July 9, 2015.

> **California Class:**
> All persons who were employed as servers by Defendant in one or more of its restaurant locations in California at any time on or after July 9, 2014.

25.     Defendant, its officers and directors are excluded from each of these Classes.

26.     This action has been brought and may properly be maintained as a class action under the Federal Rules of Civil Procedure ("FRCP") Rule 23 and as a collective action pursuant to 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable:

/ / /

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

a.   Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

b.   Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class and/or collective action certification is proper under FRCP Rule 23(b)(3) and 29 U.S.C. § 216(b). These common questions include, but are not necessarily limited to:

1)   Whether Snooze violated IWC Wage Order and/or California Labor Code § 510 by failing to pay overtime compensation to its servers who worked in excess of forty hours per week and/or eight hours per day;

2)   Whether Snooze violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay overtime compensation to its California servers who worked in excess of forty hours per week and/or eight hours per day;

3)   Whether Snooze violated IWC Wage Order and/or California Labor Code §§ 226.7 and 512 by failing to provide meal and/or rest breaks to its California servers who were unlawfully misclassified as exempt and required to remain on-call during breaks;

4)   Whether Snooze violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

5)   Whether Snooze violated California Labor Code §§ 201-204 by failing to pay overtime wages due and owing at the time that certain California Class Members' employment with Defendant terminated;

6)   Whether Snooze violated California Labor Code § 226 by failing to provide the semimonthly itemized statements to California Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

7)   Whether California Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203; and

-7-

8)    Whether Snooze violated the FLSA by failing to pay overtime compensation to its servers who worked in excess of forty hours per week.

c.    <u>Typicality:</u> The Representative Plaintiff's claims is typical of the claims of the Plaintiff Classes. The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Snooze's common course of conduct in violation of state and federal law, as alleged herein.

d.    <u>Superiority of Class Action:</u> Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make, it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiff are informed and believe, and based thereon allege, that Defendant, in refusing to pay overtime to the Class Members, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the class. Consequently, class and/or collective action certification is proper under FRCP Rule 23(b)(2) and 29 U.S.C. § 216(b).

e.    <u>Adequacy of Representation:</u> The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Classes, as further defined herein and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Classes, in their aggregate. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

27)    As described herein, for years, Snooze has knowingly failed to adequately compensate those employees within the classes identified above for all wages earned (including overtime wages and/or compensation for missed meal and/or rest periods) under the FLSA, California Labor Code and the applicable

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

IWC Wage Order, thereby enjoying a significant and unfair competitive edge over other businesses.

28)   Snooze has declined to pay these wages, even upon a California Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

29)   California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to thirty days.

30)   As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, Representative Plaintiff and certain California Class Members are entitled to up to thirty days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

31)   Furthermore, despite its knowledge of Representative Plaintiff and the California Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code §1174(d) (as well as the FLSA) by failing to provide or require the use, maintenance, or submission of time records by members of the California Class. Snoooze also failed to provide Representative Plaintiff and California Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due, but the company has also, until

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

1  now, effectively shielded itself from its employees' scrutiny by concealing the

2  magnitude and financial impact of its wrongdoing that such documents might

3  otherwise have led workers to discover.

4      32)    As a direct and proximate result of Defendant's unlawful conduct, as

5  set forth herein, Representative Plaintiff and Class Members have sustained

6  damages, as described above, including compensation for loss of earnings for

7  hours worked on behalf of Defendant, in an amount to be established at trial. As a

8  further direct and proximate result of Defendant's unlawful conduct, as set forth

9  herein, Representative Plaintiff and certain California Class Members are entitled

10  to recover "waiting time" penalties (pursuant to California Labor Code § 203) and

11  penalties for failure to provide semimonthly statements of hours worked and all

12  applicable hourly rates (pursuant to California Labor Code § 226) in an amount to

13  be established at trial. As a further direct and proximate result of Defendant's

14  unlawful conduct, as set forth herein, Representative Plaintiff and members of both

15  Classes are also entitled to recover costs and attorneys' fees pursuant to 29 U.S.C.

16  §216(b), California Labor Code § 1194 and/or California Civil Code § 1021.5,

17  among other authorities.

18      33)    Representative Plaintiff seeks injunctive relief prohibiting Defendant

19  from engaging in the complained-of illegal labor acts and practices in the future.

20  Representative Plaintiff also seeks restitution of costs incurred by herself and the

21  California Class Members under California's Unfair Competition Law. Unless

22  enjoined, Defendant's unlawful conduct will continue unchecked, while

23  Representative Plaintiff and California Class Members bear the financial brunt of

24  Defendant's unlawful conduct. As a further direct and proximate result of

25  Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the

26  California Class are also entitled to recover costs and attorneys' fees, pursuant to

27  statute.

28  / / /

-10-

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND RESTITUTION

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME**
**CLAIM**
**(29 U.S.C. § 207)**
**(FLSA Class Only)**

34)     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

35)     The FLSA regulates, among other things, the payment of overtime wages by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined under 29 U.S.C. § 207(a)(1).

36)     Representative Plaintiff is informed and believes, and thereon alleges, that Snooze has required, or requires, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

37)     Defendant is, and was, subject to the overtime pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

38)     Defendant is, and was, subject to this requirement to pay its servers one and one-half times its employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendants failed to meet this requirement and thus, violated the FLSA.

39)     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

1   of employees from the overtime pay obligations set forth under Section 7(a)(1) of

2   the FLSA. None of the FSLA exemptions apply here.

3       40)    Representative Plaintiff is informed and believes, and based thereon,

4   alleges that Snooze has required and/or requires the FLSA Class Members, as part

5   of their employment, to work without compensation for all hours worked, to work

6   beyond forty hours per week without the payment of overtime compensation

7   therefor and/or to work at a wage less than the minimum wage, pursuant to, *inter*

8   *alia*, 29 U.S.C. §§ 206 and 207(a)(1).

9       41)    Indeed, in the performance of their duties for Defendant, the FLSA

10  Class Members often did work over forty hours per week, yet did not receive

11  overtime compensation for the work, labor and services they provided to

12  Defendant, as required by the FLSA. The precise number of unpaid overtime hours

13  will be proven at trial.

14      42)    Representative Plaintiff proposes to undertake appropriate

15  proceedings to have the FLSA Class Members aggrieved by Defendant's unlawful

16  conduct notified of the pendency of this action and given the opportunity to join

17  this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents

18  to joinder with the Court.

19      43)    Defendant's violations of the FLSA were willful and are ongoing.

20      44)    As a result of the foregoing, Representative Plaintiff seeks judgment

21  against Defendant on her own behalf, and on behalf of those FLSA Class Members

22  similarly situated who file written consents to joinder in this action, for all unpaid

23  wages, including overtime wages owed by Defendant to the Representative

24  Plaintiff and Class Members, pursuant to 29 U.S.C. §§ 206 and 207, together with

25  an award of an additional equal amount as liquidated damages, and costs, interests,

26  and reasonable attorneys' fees, pursuant to, *inter alia,* 29 U.S.C.§ 216(b).

27  / / /

28  / / /

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

-12-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE CLAIM
### (29 U.S.C. § 206)
### (FLSA Class Only)

45)     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

46)     The FLSA requires employers, such as Defendant, to pay employees the minimum wage for all hours worked.

47)     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

48)     During the applicable statute of limitations, Defendant has failed to pay Representative Plaintiff and FLSA Class Members the federally mandated minimum wage for all hours worked.

49)     Representative Plaintiff and the FLSA Class Members does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

50)     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51)     Representative Plaintiff, on behalf of herself and the FLSA Class Members, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

52)     Representative Plaintiff, on behalf of herself and the FLSA Class Members, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

/ / /

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

**THIRD CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(Violation of California Labor Code §§ 510, 1194, and 1198**
**and the Applicable California Wage Order)**
**(California Class Only)**

53)    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54)    Representative Plaintiff alleges, on the basis of information and belief, that Defendant at all locations throughout the State of California, has improperly classified Representative Plaintiff and the California Class Members as exempt from overtime pay.

55)    During the Class Period, Representative Plaintiff and the California Class Members worked, on many occasions, in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

56)    During the Class Period, Defendant refused to compensate Representative Plaintiff and the California Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

57)    Moreover, during said time period, many of the California Class Members herein were employed by and thereafter terminated or resigned from their positions with Snooze, including Representative Plaintiff, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Snooze.

58)    At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§ 510, 1194, and 1198.

59)    California Labor Code § 510(a), in pertinent part, provides:

-14-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee

60) California Labor Code § 1194(a), in pertinent part, provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

61) California Labor Code § 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

62) By refusing to compensate Representative Plaintiff and California Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

63) As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Snooze, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGE**
**(California Labor Code §§ 1194.2, 1197, 1197.1)**
**(California Class Only)**

64) Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as

though fully set forth herein.

65)    At all relevant times, Representative Plaintiff and California Class Members were Snooze employees covered by Labor Code Section 1197 and therefore entitled to minimum wages for all time deemed compensable "hours worked," including time spent taking rest periods.

66)    Defendant failed to pay Representative Plaintiff and California Class Members all the minimum wages owed to them for all their time deemed compensable "hours worked." Representative Plaintiff is informed and believes and thereon alleges that, at all relevant times, Snooze had a policy or practice of paying California Class Members wages less than those required by law.

67)    As a result of Defendant's unlawful conduct, Representative Plaintiff and California Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them.

68)    Pursuant to Labor Code Section 1194, Representative Plaintiff and California Class Members are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, they are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7, 512, and §§ 11, 12 of the
Applicable California Wage Order)
(California Class Only)

69)    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

70)    At all relevant times, Snooze was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

71)    California Labor Code § 226.7 provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

72) Moreover, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73) Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

74) Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75) Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

-17-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

thereof....(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

76)    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and the California Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

77)    Representative Plaintiff is informed and believe and, on that basis, alleges that Defendant has never paid the one hour of compensation to Representative Plaintiff or any California Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

78)    As a direct and proximate result of Snooze's unlawful conduct, as set forth herein, Representative Plaintiff and California Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

79)    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and certain California Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

## SIXTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226 and 1174)
#### (California Class Only)

80)    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-18-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

81)   California Labor Code § 226(a) provides:

Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

82)   Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

83)   Finally, California Labor Code § 1174(d) provides:

Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

84)   Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of herself and on behalf of all California Class Members.

85)   Defendant has failed to provide timely, accurate itemized wage statements to Representative Plaintiff and California Class Members in accordance with Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate

deductions of such Class Members.

86)   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and California Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**SEVENTH CLAIM FOR RELIEF**
**FAILURE TO PAY WAGES ON TERMINATION**
**(California Labor Code §§ 201-203)**
**(California Class Only)**

87)   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

88)   California Labor Code § 203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

89)   If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than thirty days.

90)   Numerous California Class Members, including Representative Plaintiff, were employed by Snooze during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Snooze.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

91)     More than thirty days has elapsed since Representative Plaintiff and certain California Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

92)     As a direct and proximate result of Defendant's willful conduct in failing to pay said California Class Members for all hours worked, affected California Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**CONVERSION**
**(California Class Only)**

93)     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

94)     Representative Plaintiff alleges that Snooze wrongfully exercised control over their personal property, specifically unpaid wages, and that Snooze intentionally and substantially interfered with their property by taking possession of the money and/or preventing Representative Plaintiff from having access to the property.

95)     Representative Plaintiff was harmed by Snooze's conduct and said conduct was a substantial factor in causing this harm.

96)     Representative Plaintiff further alleges that the converted unpaid wages are ascertainable, but have been misappropriated and/or commingled by Snooze.

**NINTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200, *et seq.*)**
**(California Class Only)**

97)     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

though fully set forth herein.

98)　Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

99)　Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200, *et seq*. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

100)　Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and to California Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

## **RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed Plaintiff Classes, pray for judgment and the following specific relief against Defendant, and each of them, jointly and separately, as follows:

1.　That the Court declare, adjudge, and decree that this action is a proper class/collective action and certify the proposed Classes and/or any other appropriate subclasses under Federal Rules of Civil Procedure, Rule 23 and/or 29 U.S.C. § 216 and/or California Code of Civil Procedure § 382;

2.　That the Court declare, adjudge, and decree that this action is a proper representative action pursuant to California Labor Code § 2699;

3.　That the Court make an award of civil penalties for violations of the Labor Code, pursuant to California Labor Code § 2699;

4.　That the Court declare, adjudge, and decree that Defendants violated

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800

the overtime provisions of the FLSA, California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and Class Members;

5.      That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay overtime under the FLSA, the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

6.      That the Court declare, adjudge and decree that Defendant willfully violated its legal duties to pay minimum wage under the FLSA, the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

7.      That the Court make an award to Representative Plaintiff and the California Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

8.      That the Court make an award to Representative Plaintiff and the California Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

9.      That the Court declare, adjudge, and decree that Representative Plaintiff and California Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond eight hours in a day and forty hours in a week;

10.     That the Court make an award to the Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

11.     That the Court order Defendant to pay restitution to Representative Plaintiff and the California Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200, *et seq.*;

12.     That the Court further enjoin Defendant, ordering it to cease and

desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*

13.    That the Court declare, adjudge and decree that (a) Representative Plaintiff and FLSA Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond forty hours in a week, and (b) the amounts to which Representative Plaintiff and FLSA Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

14.    For all other Orders, findings and determinations identified and sought in this Complaint;

15.    For an accounting;

16.    For imposition of a constructive trust for all property converted by Defendant;

17.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

18.    For reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b), California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5; and

19.    For costs of suit and any and all such other relief as the Court deems just and proper.

### Jury Demand

The Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: July 16, 2018                **BODELL LAW GROUP**

By:    /s/ Daniel D. Bodell
       Daniel D. Bodell, Esq.
       Attorneys for Representative Plaintiff
       and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE COLE BUILDINGS
1485 Civic Court, Suite 1500
Concord, California 94520
Telephone: (510) 891-9800