# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINITY AMADOR-STEWART<br><br>Plaintiff,<br><br>vs.<br><br>SNOOZE HIC LLC and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 18cv01604-LAB-MDD<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

Plaintiff Trinity Amador-Stewart brought this putative class action against Defendant Snooze HiC, LLC for unpaid overtime under the Fair Labor Standards Act (FLSA) and California Labor Code, seeking unpaid overtime, unpaid compensation for interrupted and/or missed meal and rest periods, and failure to pay minimum wage. She also seeks interest, penalties, costs, and attorney's fees. She amended her complaint once, so the amended complaint ("FAC") is the operative pleading.

Snooze moved to dismiss. (Docket no. 6.) Amador-Stewart filed an opposition (Docket no.9), and Snooze filed a reply brief. (Docket no. 11.) Then Amador-Stewart filed a second opposition (Docket no. 12) and withdrew her earlier opposition. The motion is now fully briefed and ready for decision.

///

- 1 -

**Legal Standards**

A motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id.* at 558 (citation omitted). To meet the ordinary pleading standard and avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where a complaint pleads facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). The Court does not weigh evidence or make credibility determinations. *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013). At the same time, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

Normally class allegations are tested by a motion for class certification, although "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Some courts have struck class allegations where it is clear from the pleadings that class claims cannot be maintained. *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

The pleading standard for FLSA claims is set forth in *Landers v. Quality Communications Inc.,* 771 F.3d 638 (9th Cir. 2014), which also provides guidance for wage and hour claims more generally. Under this standard, "detailed factual allegations regarding the number of [hours or] overtime hours worked are not required to state a plausible claim"; neither is an estimate of "how much uncompensated time was [worked], how often, and at what rate." *Id.* at 644. But she must plead facts sufficient to demonstrate the plausibility, rather than the mere possibility, of her minimum wage and overtime wages claims. *Id.* at 646. One way to establish a plausible claim is by estimating the length of her average workweek during the applicable period, the average rate at which she was paid, and the amount of wages she believes she is owed. *Id.* at 645. The same pleading standards apply to state law claims. *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 940-942 (N.D. Cal. 2016) (applying the *Landers* standard to California minimum wage law, overtime wage and meal and rest break claims).

The FLSA averages all hours worked in any work week to compute an employer's minimum wage obligation. *Douglas v. Xerox Bus. Servs.,* LLC, 875 F.3d 884, 890 (9th Cir. 2017). Therefore, "If an employee works less than 40 hours per week, there is no [FLSA] minimum wage violation if the employee's number of hours worked divided by wages received is above the FLSA's minimum wage requirements." *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192 (N.D. Cal. 2014).

**Factual Allegations**

Amador-Stewart was a server in one of Snooze's San Diego restaurants. The FAC does not say which restaurant, when she was employed,[1] her usual schedule, or whether her compensation included tips, nor does it provide any other details of her employment.

---

[1] As putative class representative, Amador-Stewart was required to plead facts showing that she is a member of the classes she intends to represent. *See Gen. Tel. Co. of Southwest*, 457 U.S. at 156. The class definition includes an employment date, so she should have pled facts showing she was employed after that date. Snooze HIC represents that she worked there in 2017 and 2018, which she neither confirms nor disputes.

Amador-Stewart points out that she has not had an opportunity for discovery. She is not entitled to discovery until she has pled a claim, however. *See Iqbal*, 556 U.S. at 686 (holding that where a complaint failed to state a cognizable federal claim, the plaintiff was "not entitled to discovery, cabined or otherwise"). But even if she were, she knows or should easily be able to find out basic facts about her employment. To the extent the pleading standard may require her to allege facts such as these, there is no need to wait until the discovery phase before requiring her to plead them. Nor is it appropriate to relax the pleading standard until discovery, given that she already has (or has had) access to this information. *See Gavaldon v. StanChart Securities Int'l.*, 2019 WL 764031, slip op. at *2 (S.D. Cal., Feb. 20, 2019) (citing *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010)) (holding that a relaxed pleading standard is inappropriate where information needed to plead a claim is or has been within the plaintiff's control).

Amador-Stewart cites *Landers*, 771 F.3d at 645 for the proposition that most or all of the relevant information is likely to be in a defendant's control. But *Landers* concerns itself with "detailed information concerning a plaintiff-employee's compensation and schedule," such as records that would allow her to estimate her average workweek and the average rates of pay. *Id.* Ordinary facts of employment such as her ordinary hourly pay rate are the type of thing most workers know. Workers have access to some information in the form of W-2's, their own bank records, and the like. And if a plaintiff knows enough to allege that her employer engaged in certain practices, she would also ordinarily know whether those things ever happened to her. For example, if she can allege in good faith that workers were permitted, encouraged, or required to work unpaid overtime (FAC, ¶¶ 5–6), she should also know whether she herself ever performed unpaid overtime. She would likely also know general facts such as her typical schedule, the number of hours in a typical work period, how and when she was permitted or required to work overtime without extra pay, and what work she did during those times. *See Avalos v. Amazon.com LLC*, 2018 WL 3917970, at *4 (E.D. Cal., Aug. 14, 2018) (suggesting that plaintiff could and should have alleged facts such as these in support of her conclusory

overtime allegations). *See also Boon v. Canon Bus. Solutions, Inc.*, 592 Fed. Appx. 631, 632 ("Boon identified tasks for which he was not paid . . . .")

To be clear, there is no checklist of facts that must be pled in a wage and hour action. *See Landers*, 771 F.3d at 645 (plausibility of a claim is "context-specific"). But facts such as these can help make a claim plausible rather than merely conclusory. For example, numerous cases have examined whether particular activities amount to compensable work, and have come to different conclusions based on the facts and law of the cases. Depending on what other facts are pled, a plaintiff's assertion that she performed "compensable" overtime work may not be enough to render her claim plausible, particularly if there is no way to know her basis for determining what activities are compensable.

The FAC avoids saying what Amador-Stewart's ordinary hourly pay rate was. Snooze represents that she was paid $11.50. In her opposition, Amador-Stewart neither confirms nor denies this, although she knows or could find out whether it is accurate. Certainly she would know whether $11.50 was close to the right figure, or whether she was paid much less (*e.g.*, $7.25 per hour). Without assuming that her hourly pay rate was actually $11.50, the Court assumes that it could have been $11.50, or some other amount.

**Discussion of Claims**

### FLSA Minimum Wage Claims

A plaintiff must plead facts that give rise to a plausible inference that she was not paid FLSA minimum wage. *Landers,* 771 F 3d. at 645; *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (2016). Amador-Stewart has made wholly conclusory allegations that Snooze paid her and putative class members less than the minimum wage, or an otherwise substandard wage. (*See* FAC ¶¶ 19, 40, 48.) She alleges that the federally-

/ / /
/ / /
/ / /
/ / /

mandated wage was $7.25,[2] but does not say what she was paid, or provide any other facts giving rise to a reasonable inference that she was paid less than that. Disregarding Amador-Stewart's own conclusion about the illegality or substandard rate of her hourly pay rate, this allegation is merely consistent with liability, but nothing more. If her hourly rate of pay was $7.25 or more, she was not paid less than the minimum wage for the first 40 hours of work each week.

Snooze suggests that Amador-Stewart is attempting to assert a "gap time" claim that is not cognizable under the FLSA, and cites *Perez*, 75 F. Supp. 3d at 1188–90 in support of this. Amador-Stewart's opposition does not address this. The Court accepts this non-opposition as her concession that she cannot bring such an argument. *See Goldstein v. Exxon Mobil Corp.*, 2018 WL 5849930, slip op. at *2 (C.D. Cal., Aug. 13, 2018) (deeming plaintiffs' failure to address an argument in their opposition a waiver of that argument).

Because, as discussed below, Amador-Stewart has not pled any overtime claim, she has also not pled a claim for failure to pay minimum overtime wages. She has not met the pleading standard for the FLSA minimum wage claim since she has not plead facts showing the plausibility of these claims. *See Landers*, 771 F 3d. at 645–46.

**FLSA Overtime Wage Claim**

The FAC alleges broadly that Snooze had a general policy of consistently requiring or encouraging workers to work overtime, for which they were not properly compensated. It fails to identify any time when this happened, however, or even if it ever happened to

///

---

[2] Snooze points out that in California, where Amador-Stewart worked, the minimum wage was $10.50 in 2017 and $11.00 in 2018. If Snooze was in compliance with state minimum wage law, it was *ipso facto* in compliance with federal minimum wage law. In order for Snooze to be violating FLSA minimum wage requirements, it would also have to be violating California's minimum wage requirements by quite a large margin. This renders the FLSA minimum wage claim somewhat less more implausible than it already is.

her.[3] Under *Landers*, "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given workweek* without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644–45 (emphasis added). One way to meet this standard would be to identify a week when Amador-Stewart was required to work more than forty hours and not properly compensated, but the FAC does not do this. Nor does it reasonably suggest there was any given week, even if unidentified, when she was not properly compensated. Rather, it suggests only that she *might* have worked overtime without being properly compensated.

Amador-Stewart seeks to distinguish this claim from the claim *Landers* found insufficient, by pointing out that she has alleged a time period for the overtime. But the time period she cites is the class period, *i.e.*, "from July 9, 2014 through the date of trial or settlement . . . ." (FAC, ¶ 5.) This is not enough.

**California Overtime Claims**

The FAC alleges that Snooze misclassified both Amador-Stewart and other employees as exempt from overtime pay requirements. (FAC, ¶ 54.) It does not explain what form this misclassification took—for example, whether Snooze formally said they were exempt, or whether it merely failed to pay them overtime. It goes on to allege that they were not compensated for "all of the overtime wages earned," (*id.*, ¶ 56), which seems to mean they were paid some but not all of the overtime they earned. If they were classified as exempt, it is unclear why Snooze would have paid them any overtime.

This claim depends on the same allegations as the FLSA claims, with a few additions. Because the additional allegations do not adequately shore up the claim, it must also be dismissed.

/ / /

/ / /

---

[3] Concerning Amador-Stewart's working conditions, the FAC only alleges that she was frequently permitted to and did work shifts lasting around four hours without being given rest periods and meal breaks. (FAC, ¶ 19.)

**California Minimum Wage Claim**

This claim, as pled, adds no facts, and relies on wholly conclusory allegations that the wages Snooze paid its workers were less than the wages required by law for all their compensable work.

Leaving aside the class claims, Amador-Stewart at least needs to plead facts supporting her conclusion that she was paid less than permitted under the law, and that what she was doing amounted to compensable hours worked.[4] Given that California's minimum wage was $10.50 in 2017 and $11.00 in 2018, Amador-Stewart should know whether she was paid that much, or whether she was paid significantly more or less than that. Bearing in mind that she is also claiming that she was paid less than the federal minimum wage of $7.25, and assuming that claim is made in good faith, she should know that she was paid significantly less than $10.50 or $11.00 hourly, and should be able to allege it. Merely alleging that her hourly pay rate was substandard or illegal, without more, does not meet the pleading standard.

**California Meal and Rest Period Claims**

The FAC's only allegations that Amador-Stewart was denied mandatory meal and rest periods are found in paragraph 19 and repeated in paragraph 76, where she says she was frequently permitted to work, and did work, "shifts exceeding four hours or a major fraction thereof (at least three and one-half hours) without being afforded net ten-minute rest periods and without being provided mandatory meal periods." She also alleges that Snooze did not compensate other employees for "missed meal and/or rest periods." (FAC, ¶ 78.) These allegations merely recite or paraphrase statutory language, and rest on legal conclusions (such as what amounts to a "net ten-minute" rest period or a "mandatory" meal period) with no facts to explain or support what they mean. Other

---

[4] As noted above, Snooze argues and Amador-Stewart does not dispute, that she was attempting to bring an impermissible "gap time" claim under the FLSA. In the absence of any alleged facts about what she thinks amounts, under California law, to compensable hours worked, there is no way to know whether her legal conclusions about compensability are well-founded.

federal courts in California have treated such allegations as conclusory. *See Ritenour v. Carrington Mortg. Servs LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017); *Jeske v. Maxim Healthcare Servs., Inc.*, 2012 WL 78242, at *5–6 (E.D. Cal., 2012). The Court finds these allegations similarly conclusory.

**Other California Claims**

Amador-Stewart's sixth through ninth causes of action are derivative of the first five claims. Until she can adequately plead at least one of the first five claims, her sixth through ninth claims must also be dismissed.

**Class Allegations**

Because Amador-Stewart has not successfully pled any claims of her own, she cannot bring claims on behalf of a putative class, and the class claims will also be dismissed. Snooze, however, asks that the claims also be dismissed because they do not meet pleading standards. Because the FAC is lacking in factual detail, however, the Court believes the issue of class claims should be deferred, at least until the bases for Amador-Stewart's own claims are clear. See *Gen. Tel. Co. of Southwest*, 457 U.S. at 160.

That being said, if Amador-Stewart amends her complaint, she should apply the principles this order has mentioned to the class claims as well. For example, she should plead facts plausibly showing that Snooze has and enforces company-wide policies that result in workers being underpaid. The facts should show that these claims are plausible, not merely possible. Because she has worked in a restaurant alongside the workers she is seeking to represent, she should be able to allege facts showing that Snooze's policies required other workers to work unpaid overtime, or denied them minimum wages and meal and rest breaks. She should also allege facts showing that this was a company-wide policy, as opposed to policy applied solely in the restaurant where she worked.

**Conclusion and Order**

The motion to dismiss is **GRANTED IN PART**. The FAC is **DISMISSED WITHOUT PREJUDICE**, but **WITH LEAVE TO AMEND**. No later than **October 21, 2019**, Amador-

Stewart may file a second amended complaint that corrects all the defects this order has identified. If she fails to file an amended complaint within the time permitted, this action may be dismissed for failure to prosecute.

If Amador-Stewart cannot successfully amend or does not wish to, she should file a notice so stating and this action will be dismissed without prejudice but without leave to amend. Or, the parties may file a joint motion of dismissal.

**IT IS SO ORDERED**.

Dated: September 20, 2019

HONORABLE LARRY ALAN BURNS
Chief United States District Judge